UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARGARET A. DAGIUMOL and         CIVIL ACTION
MARION DAGIUMOL

VERSUS                           NO: 06-5679

STATE FARM FIRE AND CASUALTY     SECTION: "J" (3)
COMPANY

**ORDER AND REASONS**

Before the Court is Defendant's Motion for Partial Summary Judgment on Plaintiff's Claims for Additional Penalties and Attorney's Fees Under La. Rev. Stat. § 22:658 (Rec. Doc. 26).  For the Reasons stated below, the motion is **GRANTED in part and DENIED in part.**

**BACKGROUND**

This is a Katrina Insurance case wherein plaintiff homeowner filed suit seeking additional insurance payments under their rental dwelling policy for damage sustained during the August 2005 storm.  The Defendant filed this motion for partial summary judgment asking the Court to determine whether amended La. Rev.

1

Stat. § 22:658[1] applies retroactively.

**DISCUSSION**

For the reasons stated in *Conlee v. Fireman's Fund Insurance Co.,* No. 07-660, 2007 WL 2071860 (E.D. La. July 17,2007)(Barbier, J.) this Court finds that the amendment to La. Rev. Stat. § 22:658 does not apply retroactively. However, as in *Conlee* this Court finds that the amendment does apply prospectively. Defendant's alleged post-amendment misconduct coupled with Defendant's continuing duty to fairly and promptly adjust claims may suggest a finding that, as a matter of law, Defendant is subject to the 2006 amendment to Section 658.

The defendant claims that the amendment cannot apply to this case because the plaintiff filed suit prior to the effective date of the statute. The Court is not convinced that the commencement of litigation forecloses the application of the statute. This Court agrees with the reasoning in *Harris v. Fontenot*, 606 So. 2d 72 (La. App. 3 Cir. 1992) that the statute was enacted to impose a requirement of good faith and fair dealing on the insurer,

---

[1] §22:658 was amended by the Louisiana legislature to provide that when an insurer does not pay a claim within 30 days after the receipt of satisfactory written proof of loss, when such failure is found to arbitrary, capricious or without probable cause, the insurer is subject to a 50% penalty as well as attorneys' fees. Under prior law, such an insurer would only be liable for a penalty of 25%.

requirements that are no less important after litigation has begun as before.

## CONCLUSION

For the reasons above, the Defendant's Motion for Partial Summary Judgment (Rec. Doc. 26) is **GRANTED in part and DENIED in part.**

New Orleans, Louisiana this the 27th day of July, 2007.

*[signature]*

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE